UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | Crim. Nos. |
| | 3:24CR108(SRU) |
| v. | 3:25CR29(SRU) |
| KONSTANTINOS DIAMANTIS | April 23, 2025 |

**<u>OPPOSITION TO SECOND MOTION TO TRAVEL TO GREECE</u>**

The Government submits this opposition to the defendant Konstantinos Diamantis's second Motion to Travel to Greece.

**I.     BACKGROUND**

On May 15, 2024, a grand jury in New Haven returned a 22-count indictment related to corruption in state school construction contracts and charges Diamantis with Hobbs Act extortion, bribery, conspiracies to commit Hobbs Act extortion and bribery, and making false statements to law enforcement agents. Indictment [3:24CR108 Dkt. #1]. Diamantis was arraigned and released on a $500,000 bond with certain conditions, including surrender of his passport to the United States Probation Office, no travel outside Connecticut without Probation's approval, and removal of firearms from his home by May 23, 2024. Order Setting Conditions of Release [3:24CR108 Dkt. #8] at 2-3. Diamantis did not object to these conditions. Trial is scheduled for October 3, 2025.

On June 12, 2024, Probation reported that Diamantis had violated two conditions of his release. Notification of Non-Compliance [3:24CR108 Dkt. #17]. First, Diamantis had failed to dispose of his firearms (or verify their removal to Probation) by the date ordered; Diamantis claimed that "he was under the impression that he had until the end of May to get this done." *Id.* at 2. Second, Diamantis had not surrendered his passport to Probation as ordered; Diamantis claimed that he was unable to locate it. *Id.*

On June 27, 2024, counsel for Diamantis sought the Government's position on his request to travel to Greece for four weeks. The Government pointed out that Diamantis claimed to have lost his passport, making international travel impossible. Within hours, counsel informed the Government that Diamantis had located his passport. The Government continued to object and Diamantis filed his first motion to travel to Greece, but withdrew it once briefing was complete.

On February 25, 2025, Diamantis was indicted in a separate public corruption case, also pending before this Court, *United States v. Konstantinos Diamantis and Christopher Ziogas*, 3:25CR29(SRU). The second indictment charges Diamantis with corruption in connection with a state Medicaid audit under the same statutes as the first indictment, plus filing a false tax return. Indictment [3:25CR29 Dkt. #1]. Diamantis was arraigned and agreed to an appearance bond in the same amount and with the same conditions as in the first case (except for the firearms condition, which had already been satisfied). Order Setting Conditions of Release [3:25CR29 Dkt. #20].

On April 3, 2025, counsel sought the Government's position on Diamantis's second request to travel to "Greece," this time for an unspecified period. The Government requested details of the proposal from counsel, but only later received information about Diamantis's request from Probation. It now seems that Diamantis hopes to travel to various locations in Greece for six weeks with his entire immediate family.

Probation does not support Diamantis's request.

**II.    DISCUSSION**

The Court should deny Diamantis's motion.

*First*, as the Government previously pointed out in response to Diamantis's first motion, he has failed to establish a track record that should give the Court the confidence to approve a

six-week pre-trial international trip.  Although Diamantis has been under Probation's supervision for more than nine months without incident, on two occasions he failed to demonstrate that he takes the Court's orders or Probation's supervision seriously.  It would be difficult for any defendant—much less an attorney like Diamantis, who personally signed the Court's order—to plausibly claim that he did not understand the directive that "[t]he defendant shall verify the removal of the firearms from his home, and their delivery to a person who can lawfully possess them, to the United States Probation Office on or before May 23, 2024."  Order Setting Conditions of Release [3:24CR108 Dkt. #8] at 3.  Similarly, it is hard to credit that Diamantis made a good faith effort to locate his passport for six weeks (even after being reminded by Probation), then suddenly found it in a matter of hours when personally convenient.  Moreover, even Diamantis's domestic travel is restricted to Connecticut without prior approval from Probation, *id.* at 2, yet he now seeks the freedom to travel without restriction or supervision in a foreign country for six weeks based on a rough itinerary.

*Second*, Greece is a troubling destination for Diamantis's pre-trial travel, especially now that he faces significant punishment in two separate cases.  He is reportedly the son of Greek citizens, giving him a right to Greek citizenship as of the time of his birth.  *See* Greek Nationality Code (Law 3284 / 2004), Article I, translation available at https://legislationline.org/sites/default/files/documents/79/Greece_nationality_code_2004_en.pdf.  *See also* Embassy of Greece in Washington, D.C., Greek Citizenship, available at https://mfa.gr/usa/en/ services/services-for-greeks/greek-citizenship.html ("[I]n accordance with Greek Law, the Greek citizenship is an inherent right of persons born to a parent who is a Greek citizen.").  During his proposed six weeks in Greece, Diamantis would have ample opportunity to document and invoke his Greek citizenship and seek to avoid or at least delay extradition back to the United States.  The

extradition treaty between the United States and Greece does not require either country to extradite (i) its own citizens, or (ii) defendants charged with an "offense of a political character," which include the public corruption charges against Diamantis. Treaty of Extradition Between the United States of America and the Hellenic Republic, U.S.-Greece, Nov. 1, 1932, 1931 U.S.T. LEXIS 56, at *7 & *9. Nonetheless, the Government believes that extradition procedures through Greece's membership in the European Union would be available; however, that process potentially involves multiple proceedings and levels of review, and could take years.

*Third*, Diamantis has not provided any justification for the increased risk of flight and the concomitant trial delay that his proposed trip entails. While visiting relatives may be enjoyable and personally meaningful, that is not a compelling reason for an extended trip to a foreign country where Diamantis has family ties, the right to assert citizenship in that country, and the potential to significantly delay, or even ultimately thwart, trial. Conditions of release always involve some amount of inconvenience for defendants, and delaying Diamantis's vacation plans until this case is resolved is a reasonable example.

Accordingly, the Court should deny Diamantis's motion.

        Respectfully submitted,

        MARC H. SILVERMAN
        ACTING UNITED STATES ATTORNEY

           /s/
        JONATHAN N. FRANCIS
        ASSISTANT UNITED STATES ATTORNEY
        Federal Bar No. phv05083
        jonathan.francis@usdoj.gov
        157 Church Street, 25th Floor
        New Haven, CT  06510
        (203) 821-3700

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

                                                          /s/
                                      JONATHAN N. FRANCIS
                                      ASSISTANT UNITED STATES ATTORNEY