UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA Crim. No. 3:24CR108(SRU)

v.

KONSTANTINOS DIAMANTIS September 29, 2026

**GOVERNMENT'S MEMORANDUM REGARDING RESTITUTION**

Consistent with the Court's September 22, 2026 order [Dkt. #147], the Government submits this brief regarding the availability of restitution following the defendant Konstantinos Diamantis's conviction under 18 U.S.C. §§ 666(a)(1)(B) and 1951, as well as the identity of victims potentially entitled to such restitution. For the reasons discussed below, the Court's judgment should order Diamantis to make restitution in an amount to be determined equal to the pecuniary losses and certain expenses of the City of Hartford, the City of New Britain, the Town of Tolland, and the State of Connecticut.

Restitution is governed by the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A (the "MVRA"). Under that statute, a defendant convicted of certain offenses is obligated to "make restitution to the victim of the offense." § 3663A(a)(1). The MVRA term "victim" means:

> [A] person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern.

18 U.S.C. § 3663A(a)(2).[1] For purposes of the MVRA, the word "person" includes governmental entities. *United States v. Ekanem*, 383 F.3d 40 (2d Cir. 2004). Offenses that

[1] Although the MVRA's definition of "victim" could be read to apply to Diamantis's extorted co-conspirators—John Duffy, Salvatore Monarca, and Antonietta Roy—under Second Circuit precedent, co-conspirators are excluded. *United States v. Rainford*, 110 F.4th 455, 485 (2d Cir. 2024) ("We have departed from that plain-text reading because it would require restitutionary payments to the perpetrators of the offense of conviction, which would not make sense in the context of [a] statute that aims to compensate the victims of a crime." (cleaned up)).

qualify for restitution include, as relevant to this case, "an offense against property under this title…including any offense committed by fraud or deceit;…[and] in which an identifiable victim or victims has suffered a…pecuniary loss." 18 U.S.C. § 3663A(c)(1)(A)(ii)–(B). Although "offense against property" is not defined in the MVRA, the Second Circuit has held that is not a question of the elements of an offense and "courts may consider the facts and circumstances of the crime that was committed to determine if it is an offense against property…." *United States v. Razzouk*, 984 F.3d 181, 186–88 (2020) (cleaned up). The defendant's offense must be both the cause-in-fact and the proximate cause of the victim's harm. *United States v. Goodrich*, 12 F.4th 219, 229 (2d Cir. 2021).

Applying this caselaw, Diamantis's bribery conviction under each of § 666(a)(1)(B) and § 1951 is "an offense against property" that actually and proximately caused monetary losses to municipalities. In analogous circumstances, the Second Circuit has previously looked "to the manner in which [the defendant] committed the crime and the facts and circumstances of the crime" to hold that the MVRA applies where a bribed defendant caused his victim to make payments for which it received no consideration. *Razzouk*, 984 F.3d at 188–89. Specifically, the defendant in *Razzouk* accepted bribes and, in exchange, caused Con Edison to pay for "phantom work," making his bribery conviction under § 666(a)(1)(B) eligible for restitution. *Id.* The Circuit differentiated the kind of bribery that causes direct pecuniary loss from one where an official's acceptance of bribes merely deprives his employer of the indeterminate value of his honest services, which is not covered by the MVRA. *Id.* at 189 n.10 (distinguishing *United States v. Adorno*, 950 F. Supp. 2d 426 (E.D.N.Y. 2013)).[2] Here, in exchange for bribes, Diamantis caused municipalities to spend money unnecessarily for the benefit of bribe payors, as

[2] Although the *Razzouk* defendant was convicted under 18 U.S.C. § 666(a)(1)(B), that case's holding applies with equal force to Diamantis's § 1951 conviction because "the facts and circumstances" of those bribery crimes are the same.

detailed below.

The MVRA requires a defendant like Diamantis who commits "an offense against property" to make restitution in two ways that are relevant here.

First, the MVRA requires compensatory payment to the victim equal to "the value of the property," 18 U.S.C. § 3663A(b)(1), which includes "amounts the victims would not have paid but for the fraud," *United States v. Israilov*, No. 24-2356, 2026 WL 1064554, at *2 (2d Cir. Apr. 20, 2026) (summary order). Here, Diamantis caused municipalities to make payments to contractors for unnecessary work or in unearned amounts. For example, with respect to Acranom Masonry:

- Diamantis caused Hartford to pay a $300,000 settlement to Acranom in connection with Phase 2 of the Weaver High School project, when Hartford's project team had already rejected a $250,000 offer and valued Acranom's claim significantly less. Trial Transcript ("Tr.") 590–610 (Ouellette); Government Exhibit 134; PSR ¶¶ 17, 18, 20, 21.
- Diamantis caused Tolland to pay Acranom an unnecessary $70,000 for the Birch Grove Primary School project, an amount which Diamantis and Acranom's principals agreed would be added to its bid and then paid as a bribe to Diamantis. PSR ¶¶ 28, 29(g).

With respect to Construction Advocacy Professionals ("CAP"):

- Diamantis forced Hartford to hire CAP for an unnecessary owner's representative position on the Bulkeley High School renovation project, work that was already being done by Hartford's program manager, Arcadis O&G. PSR ¶¶ 41, 42.
- Diamantis caused Tolland to hire CAP as the owner's representative for the Birch Grove project, even though Tolland already had an employee capable of doing the work. PSR ¶ 38; Tr. 1177 (Dixon); Tr. 718–19 (Willett).

- Diamantis also suggested that New Britain hire CAP to close out the paperwork for prior state-funded projects, even though New Britain already had staff well qualified to do that work and the responsible OSCGR official worked with them rather than CAP. PSR ¶ 40; Tr. 1161, 1164–65, 1168–1170 (Dixon).

In each of these instances, the State of Connecticut substantially reimbursed the locality through a school construction grant. PSR ¶¶ 9, 15, 36, 40. Thus, the victims entitled to restitution from Diamantis's "offense against property" include Hartford, New Britain, Tolland, and the State. The Government has consulted with these victims and is in the process of determining the pecuniary loss caused by Diamantis through such episodes.

A second and separate form of restitution required by the MVRA is repayment of a victim's "expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense," including its attorney's fees. 18 U.S.C. § 3663A(b)(4); *United States v. Afriyie*, 27 F.4th 161, 166 (2d Cir. 2022). "[T]he words 'investigation' and 'proceedings'" in the MVRA are "limited to government investigations and criminal proceedings" and do not include "private investigations and civil or bankruptcy proceedings." *United States v. Lagos*, 584 U.S. 577, 581 (2018). The Government has inquired into whether Hartford, New Britain, Tolland, and the State incurred eligible expenses during Diamantis's federal criminal investigation and prosecution.

In light of the foregoing, the Government respectfully requests that the Court order restitution as part of its judgment and exercise its authority under 18 U.S.C. § 3664 to reserve determination of the proper restitution amount until a date not more than 90 days after sentencing.

Respectfully submitted,

DAVID E. NOVICK
Attorney for the United States, Acting under Authority Conferred by 28 U.S.C. § 515

/s/
JONATHAN N. FRANCIS
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. phv05083
jonathan.francis@usdoj.gov
DAVID E. NOVICK
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. phv02874
david.novick@usdoj.gov
157 Church Street, 25th Floor
New Haven, CT 06510
Tel.: (203) 821-3700

**CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

/s/
DAVID E. NOVICK
ASSISTANT UNITED STATES ATTORNEY