# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. |
| PLAINTIFF | ) | |
| | ) | 3:24-CR-00108 (SRU) |
| VS. | ) | |
| | ) | |
| KONSTANTINOS DIAMANTIS, AKA "KOSTA" | ) | |
| DEFENDANT | ) | SEPTEMBER 29, 2026 |

## DEFENDANT'S MEMORANDUM REGARDING POTENTIAL RESTITUTION CLAIMS

Defendant Konstantinos Diamantis, through counsel, respectfully submits this memorandum in response to the Court's order regarding a potential restitution order in this case (DKT #147) arising from his convictions under 18 U.S.C. Sections 666(a)(1)(B) and 1951.

The undersigned does not dispute the legal conclusions asserted by the Government its memorandum filed earlier today (DKT #149): restitution may be required under the Mandatory Victim Restitution Act, hereinafter "MVRA," 18 U.S.C. Section 3663A. Determining the identity of the victims entitled to restitution, and the amount each is due, will likely require further briefing and potentially hearings. Mr. Diamantis requests that this court defer determining the identity of those entitled to restitution and the amount due to each until after sentencing in this case, and in the cases of *United States v. Duffy*, 3:24-cr-00105(SRU) and *United States v. Antoinette Roy*, 3:24-cr-00106(SRU), has taken place.

Mr. Duffy pleaded guilty to one count of 18 U.S.C. Section 1951, an offense supporting restitution. 3:24-cr-00105(SRU), (DKT #6). An order of restitution was contemplated as part of his plea. (DKT, #6, p. 2). Ms. Roy pleaded guilty to one count of conspiracy to commit bribery in violation of 18 U.S.C. Section 371, an element of which is an agreement of two of more people to violate 18 U.S.C. Section 666(a)(1)(B), an offense supporting restitution. 3:24-cr-00106(SRU) (DKT, #10) An order of restitution was contemplated by that plea.

As the trial in the instant case indicated, the conduct of Mr. Duffy and Ms. Roy was an integral part of the facts supporting Mr. Diamanitis's conviction. After their guilty pleas, both testified about their knowing participation in activities to which they pleaded guilty. Both appear to have benefited from the arrangements made with Mr. Diamantis. The pleas and verdict in these cases suggest that victims may have claims for restitution as to each of the defendants.

The Second Circuit has expressly affirmed the Court's authority to hold defendants jointly and severally liable, even after apportioning responsibility for each defendant's loss to each victim. *United States v. Hakan Yalincak*, 30 F. 4th 115, 132 (2d Cir. 2022). This is consistent with the statutory imperative of the MVRA "to make crime victims whole." *Yalincak,* 121, quoting, *United States v. Thompson*, 792 F.3d 273, 277 (2d Cir. 2015).

Among the issues before this Court in the cases involving the three defendants are:

1. The identity of each party claiming victimhood;
2. The amount of each such party's claim;
3. An apportionment of responsibility of each defendant.

Mr. Diamantis is the common denominator in each of the three cases, but Mr. Duffy and Ms. Roy may not have liability as to each party claiming victimhood.

As is clear from the presentence report in Mr. Diamantis's case, the claimants can expect little recovery from Mr. Diamantis. They may have viable claims against Mr. Duffy and Ms. Roy. Because Mr. Diamantis may stand in a joint and several relationship with Mr. Duffy as to some claims, and in a joint and several relationship with Ms. Roy as to others, it is critical to limn each claim.

The undersigned also note that the impact of the Fugitive Disentitlement Doctrine may have a bearing on future proceedings in this case. *Degen v. United States*, 517 U.S. 820, 828 (1996); *United States v. Bescond*, 24 F.4th 759 (2d Cir. 2021). As of this writing, Mr. Diamantis appears to be in Greece; extradition to the United States from Greece is by no means a sure thing. Through counsel, he asserts his right to due process of law to contest the extent and scope of any restitution order.

Mr. Diamantis requests that this Court hold consolidated hearings with Ms. Roy and Mr. Duffy after sentencing in their respective cases.

THE DEFENDANT,
KONSTANTINOS DIAMANTIS, AKA "KOSTA"

**By: /s/ Norman A. Pattis, Esq.**

Norman A. Pattis, Esq.
PATTIS & PAZ, LLC
171 Orange St., 2nd Floor
New Haven, CT 06510
Tel: 203-393-3017
Fax: 203-393-9745
Email: npattis@pattispazlaw.com
Federal Bar No.: ct13120

## CERTIFICATION

I hereby certify that on September 29, 2026, a copy of the foregoing was filed electronically. Notice of this filing was sent by email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

**/s/ Norman A. Pattis, Esq.**