UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA Crim. No. 3:24CR108(SRU)

v.

KONSTANTINOS DIAMANTIS October 2, 2026

**GOVERNMENT'S MOTION TO DISCLOSE PRESENTENCE REPORT**

The Government respectfully requests, pursuant to Loc. R. Crim. P. 32(j)(6), permission to disclose the Presentence Report ("PSR") to law enforcement officers investigating the defendant's failure to appear, including agents of the United States Marshals Service. In support of that application, the Government represents as follows:

1. On September 17, 2026, the Court issued a bench warrant for the defendant upon the defendant's failure to appear for his sentencing hearing, which was then continued to September 30, 2026.

2. On September 30, 2026, the defendant again failed to appear for sentencing. The Court determined that the defendant was a fugitive from justice, revoked his bond, and ordered that his sentencing should proceed. Doc. 154. The Court sentenced the defendant to 84 months' imprisonment.

3. Accordingly, the Government has initiated a fugitive investigation that involves agents from the Federal Bureau of Investigation and Internal Revenue Service-Criminal Investigation, which were the investigative agencies in the underlying criminal matter, as well as the United States Marshals Service, which has primary responsibility in fugitive matters.

4. Loc. R. Crim. P. 32(i) prohibits, among other things, disclosure of the PSR by the Government to "any person other than the case agent, experts or consultants hired by the government and to the Financial Litigation Unit of the United States Attorney's Office when a

fine, assessment or order of restitution is imposed." Loc. R. Crim. P. 32(j)(6) continues: "For situations other than those described above, requests for disclosure shall be handled on an individual basis by the Court, and shall be granted only upon a showing of compelling need for disclosure in order to meet the ends of justice."

5. While the Government expects that the case agents will be active participants in the fugitive investigation, it may also involve other agents from the FBI and IRS-CI that were not directly involved in the underlying investigation, and thus the Government seeks to clarify that all agents of those agencies are permitted to review and utilize the PSR for the purpose of the fugitive investigation. Additionally, the United States Marshals Service has requested that the Government seek access to the PSR on its behalf. The PSR contains financial and other information about the defendant that will be of assistance when investigating his flight from the United States.

6. The Government has consulted with defense counsel, who takes no position on the Government's motion.

Accordingly, the Government requests permission to provide copies of the PSR to all employees and agents of the FBI, IRS-CI, and USMS for the purpose of furthering the investigation into the defendant's flight.

Respectfully submitted,

DAVID E. NOVICK
Attorney for the United States, Acting under Authority Conferred by 28 U.S.C. § 515

/s/

JONATHAN N. FRANCIS
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. phv05083
jonathan.francis@usdoj.gov
DAVID E. NOVICK
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. phv02874
david.novick@usdoj.gov
157 Church Street, 25th Floor
New Haven, CT 06510
Tel.: (203) 821-3700

**CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

/s/
DAVID E. NOVICK
ASSISTANT UNITED STATES ATTORNEY