OCT 30 2026 PM3:37
FILED-USDC-CT-NEW HAVEN

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 3:24CR0108 (SRU) |
| | : | |
| v. | : | |
| | : | |
| KONSTANTINOS DIAMANTIS | : | **FILED UNDER SEAL** |

**MOTION TO DELAY DOCKETING**

The United States respectfully submits this motion to delay docketing of the Government's Ex Parte Motion to File Under Seal, Memorandum in Support of Motion to File Under Seal, Proposed Sealing Order, unredacted and redacted Ex Parte Application for Writ of Garnishment, and unredacted and redacted Ex Parte Writ of Garnishment (hereinafter, "Garnishment Package"), all of which were filed under seal contemporaneously herewith. The United States respectfully requests that docketing be delayed until service of the Garnishment Package is completed upon the Garnishee Thomaston Savings Bank.

**Background**

On September 30, 2026, Judgment entered in this case against the defendant, Konstantinos Diamantis ("Defendant"). The Defendant was sentenced to an eighty-four (84) month term of imprisonment, followed by a thirty-six (36) month period of supervised release, a special assessment in amount of $2,100.00 and restitution in an amount to be determined pending further proceedings. The Defendant failed to appear for his sentencing originally scheduled for September 17, 2026 which was continued to September 30, 2026. The Defendant failed to appear at both scheduled hearings. The Court entered an order revoking the Defendant's bond on September 30, 2026 (ECF #156) for his failure to appear, finding that the Defendant "is in clear, willful violation of his conditions of release" (*id.*). The Government requested revocation/forfeiture of the

Defendant's appearance bond and further requested the entry of a default judgment in the amount of $500,000.00. This Court forfeited the bond and entered a default judgment in amount of $500,000.00 against the Defendant (ECF #157).[1]

## **Discussion**

Local Criminal Rule 57(b)(3)(A) requires the Court to make "particularized findings on the record demonstrating that closure is essential to preserve compelling interests, and that sealing in whole or in part is narrowly tailored to serve those interests." The Government respectfully submits that the delayed docketing of the Garnishment Package serves a compelling interest of ensuring that any funds subject to Garnishment can not be discovered, intercepted, and hidden or placed beyond the reach of the Government.

Here, the Government was recently advised that the Social Security Administration ("SSA") made a deposit to the Defendant's Thomaston Savings Bank account, which the Government believes remains on deposit. The Government seeks to delay docketing of its sealed Garnishment Package to avoid the possibility that the mere docketing of the sealed documents may prompt the Defendant to further investigate his financial accounts which could lead to the discovery of the recent deposit.

---

[1] An additional $500,000.00 default judgment entered as to the Defendant in the matter United States v. Konstantinos Diamantis, et al., 3:25-CR-0029 (SRU) (see, ECF #102).

**Conclusion**

Based upon the reasons set forth in the Government's related Memorandum of Law in Support of its Motion to Seal, and for the reasons set forth in this motion, pursuant to Local Criminal Rule 57(j), the Government respectfully requests that the Garnishment Package, together with this Motion to Delay Docketing, be granted and sealed until the Garnishee, Thomaston Savings Bank, is served and a Return of Service is docketed.

Respectfully Submitted,

David X. Sullivan
United States Attorney

Christine Sciarrino
Assistant United States Attorney
United States Attorney's Office
157 Church Street, 25th Floor
New Haven, CT 06510
(203) 821-3780/Fax: (203) 773-5373
Federal No. CT03393
Email: Christine.Sciarrino@usdoj.gov